IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 07-cv-06995 ) |
| TARISH WHITE MORRIS; MELVIN WHITE; JILLIAN M. GOODMAN; J.G., a minor; and FIRST NATIONAL, LTD., | ) ) ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT FOR INTERPLEADER

For its Amended Complaint for Interpleader, Metropolitan Life Insurance Company ("MetLife") alleges as follows:

**PARTIES**

1. MetLife is an insurance company organized under the laws of the State of New York with its principal place of business in New York, New York. MetLife is duly licensed to do business in the State of Illinois.

2. Upon information and belief, defendant Tarish White Morris ("Morris") is a citizen and resident of Illinois. Morris is the daughter of Peggy Goodman (the "Decedent").

3. Upon information and belief, defendant Melvin P. White ("White") is a citizen and resident of North Carolina. White is the Decedent's grandson.

4. Upon information and belief, defendant Jillian M. Goodman ("Goodman") is a citizen and resident of Illinois. Goodman is the Decedent's granddaughter.

5. Upon information and belief, defendant J.G. is a minor residing with her mother Ginger V. Wiley in Riverdale, Illinois. J.G. is the Decedent's granddaughter.

6. Upon information and belief, First National, Ltd. ("First National") is a company organized under the laws of Minnesota.

**JURISDICTION AND VENUE**

7. This Court has subject matter over this interpleader action pursuant to 28 U.S.C. § 1335 in that more than $500 is at issue and two claimants of diverse citizenship are claiming to be entitled to such money.

8. Venue is proper in the Northern District of Illinois, the district where one or more of the claimants resides, pursuant to 28 U.S.C. § 1397.

**CAUSE OF ACTION IN INTERPLEADER**

9. On December 28, 1989, MetLife issued life insurance policy number 906 330 155 UL (the "Policy"), which insured the life of the Decedent with a face amount of $25,000. A true and correct copy of the policy is attached hereto as Exhibit A.[1]

10. The Decedent was still covered under the Policy as of April 5, 2006, the date of her death. A true and correct copy of the Decedent's death certificate is attached hereto as Exhibit B.

11. The Policy states that the life insurance benefits will be paid to the named beneficiary(ies) at Decedent's death.

12. The Policy also provided that:

> The beneficiary is the person or persons to whom the insurance proceeds are payable when the insured dies. . . . While the insured is alive, the owner may change any beneficiary or contingent beneficiary.

\* \* \*

---

[1] MetLife redacted personal information from the exhibits attached to this Amended Complaint. MetLife will file an appropriate motion with this Court for leave to file unredacted copies of the exhibits under seal once the defendants have filed their respective appearances.

2

> You may change the owner, contingent owner, beneficiary or contingent beneficiary of this policy by written notice or assignment of the policy. No change is binding on us until it is recorded at our Home Office. Once recorded, the change binds us as of the date you signed it.

(Ex. A, p. 11.)

13. The latest beneficiary designation on file is dated March 29, 2006, and names Morris as the Decedent's sole beneficiary. A true and correct copy of the 2006 Beneficiary Designation form is attached hereto as Exhibit C.

14. The beneficiary designation on file prior to the 2006 designation form is dated January 12, 2005, and names White, Goodman, and J.G. as the Decedent's beneficiaries. A true and correct copy of the 2005 Beneficiary Designation form is attached hereto as Exhibit D.

15. On or about April 18, 2006, Morris executed an Individual Life Death Claim Form in which she requested that the benefits payable as a result of the death of the Decedent be paid to her. A true and correct copy of Morris's Individual Life Death Claim Form is attached hereto as Exhibit E.

16. On or about April 18, 2006, Ginger Wiley, the mother of Goodman and J.G., faxed a letter to MetLife. In the letter, Ms. Wiley claimed that the 2006 Beneficiary Designation form, designating Morris as beneficiary, was invalid because the Decedent was not mentally competent at the time she signed it. A true and correct copy of Ms. Wiley's letter is attached hereto as Exhibit F.

17. On or about April 18, 2006, White called MetLife and stated that the 2006 Beneficiary Designation form was procured by fraud.

18. Upon information and belief, Morris used the services of Carter Funeral Chapel to lay the Decedent to rest. Carter Funeral Chapel charged Morris $7,702.20 for funeral expenses and

gave her a cash advance of $2,000. Carter Funeral Chapel assigned its payment rights to First National.

19. On or about March 15, 2007, MetLife paid First National $7,702.20 out of the Policy Benefits for the funeral expenses. A redacted copy of MetLife's letter to First National and cancelled check are attached hereto as Group Exhibit G. In its letter, MetLife reminded First National that competing claims existed for the Policy's benefits and that it could not release any of those benefits to pay the $2,000 cash advance until the competing claims were resolved.

20. On or about May 5, 2008, First National sent a letter to MetLife claiming that MetLife owed it $9,702.20 for alleged funeral expenses. A true and correct copy of the letter is attached hereto as Exhibit H.

21. MetLife is a mere stakeholder with no interest in the controversy between defendants and makes no claim to the benefit, other than payment of its reasonable attorneys' fees and costs incurred in connection with this interpleader action.

22. Rival, adverse and competing claims exist on the proceeds of the Policy and MetLife has been unable to discharge its admitted liability without exposing itself to multiple liability, multiple lawsuits or both.

23. MetLife is ready, willing and able to pay the total Policy benefits of $25,000, plus applicable interest and less $7,702.20 MetLife paid for funeral expenses, into the Registry of this Court, or as this Court otherwise directs.

24. MetLife cannot safely determine the proper beneficiary or beneficiaries of the benefits at issue and, as a mere stakeholder, has no interest in the total benefits payable, except to recover its attorney's fees and costs of this action. MetLife therefore respectfully requests that this Court determine to whom said benefits should be paid.

25. MetLife has not brought this Complaint in Interpleader at the request of any of the claimants; no fraud or collusion exists between MetLife and any or all of the claimants; and MetLife brings this Complaint of its own free will to avoid being vexed and harassed by multiple conflicting claims.

26. Until this Court rules on who is the proper party or parties to receive the benefit funds, MetLife cannot safely determine the proper beneficiary or beneficiaries of the benefits without risking exposure to multiple liability.

**WHEREFORE**, MetLife respectfully requests that this Court grant the following relief:

(i) An Order appointing a Guardian ad Litem to appear and represent minor J.G.'s interests in this cause;

(ii) An Order temporarily enjoining the defendants during the pendency of this suit from instituting any action against MetLife for the recovery of the benefits;

(iii) An Order requiring the defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject benefits in this action;

(iv) An Order enjoining the defendants from instituting or prosecuting any proceeding in any state or United States court affecting the benefits involved in this interpleader action pursuant to 28 U.S.C. § 2361.

(v) An Order permitting MetLife to deposit the benefits with the Registry of this Court, or as this Court otherwise directs, upon entry of a Final Decree of Interpleader;

(vi) An Order discharging MetLife with prejudice from any further liability upon payment of the aforementioned total benefits to the Registry of this Court, or as this Court otherwise directs;

(vii) An Order excusing MetLife from further attendance upon this cause and discharging MetLife from this case;

(viii) An Order awarding MetLife its costs and reasonable attorney's fees; and

(ix) An Order awarding MetLife any other and further relief that this Court deems just and proper.

Dated:  June 3, 2008	Respectfully submitted,

	METROPOLITAN LIFE INSURANCE COMPANY


	By:	/s/ Keith E. Allen
		One of its attorneys

Steven P. Mandell, #6183729
Keith E. Allen, #6271854
MANDEL MENKES LLC
333 W. Wacker Drive, Ste 300
Chicago, IL 60610
312-251-1000
107923

6