IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No. 07-cv-06995<br>) |
| TARISH WHITE MORRIS; MELVIN WHITE; JILLIAN M. GOODMAN; J.G., a minor; and FIRST NATIONAL, LTD., | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MOTION FOR FINAL DECREE OF INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife") moves this Court for the entry of a final decree of interpleader and, in support thereof, states as follows:

1.  This Court has subject matter jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335 in that more than $500 is at issue and two claimants of diverse citizenship are claiming to be entitled to such funds.

2.  Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1397, the district where one or more of the claimants resides.

3.  MetLife filed a Complaint of Interpleader and served all defendants in this matter and all defendants have appeared. No question exists as to this Court's personal jurisdiction over the defendants.

4.  On December 28, 1989, MetLife issued life insurance policy number 906 330 155 UL (the "Policy"), which insured the life of the Peggy Goodman (the "Decedent") with a face amount of $25,000.

5. The Decedent was still covered under the Policy as of April 5, 2006, the date of her death.

6. The Policy states that the life insurance benefits will be paid to the named beneficiary(ies) at Decedent's death.

7. The Policy also provided that:

> The beneficiary is the person or persons to whom the insurance proceeds are payable when the insured dies. . . . While the insured is alive, the owner may change any beneficiary or contingent beneficiary.
>
> * * *
>
> You may change the owner, contingent owner, beneficiary or contingent beneficiary of this policy by written notice or assignment of the policy. No change is binding on us until it is recorded at our Home Office. Once recorded, the change binds us as of the date you signed it.

8. The latest beneficiary designation on file is dated March 29, 2006, and names Tarish White Morris ("Morris") as the Decedent's sole beneficiary.

9. The beneficiary designation on file prior to the 2006 designation form is dated January 12, 2005, and names Melvin White ("White"), Jillian Goodman ("Goodman"), and J.G., a minor, as the Decedent's beneficiaries.

10. On or about April 18, 2006, Morris executed an Individual Life Death Claim Form in which she requested that the benefits payable as a result of the death of the Decedent be paid to her.

11. On or about April 18, 2006, Ginger Wiley, the mother of Goodman and J.G., claimed that the 2006 Beneficiary Designation form, designating Morris as beneficiary, was invalid because the Decedent was not mentally competent at the time she signed it.

12. On or about April 18, 2006, White called MetLife and stated that the 2006 Beneficiary Designation form was procured by fraud.

13. Upon information and belief, Morris used the services of Carter Funeral Chapel to lay the Decedent to rest. Carter Funeral Chapel charged Morris $7,702.20 for funeral expenses and gave her a cash advance of $2,000. Carter Funeral Chapel assigned its payment rights to First National.

14. MetLife is a mere stakeholder with no interest in the controversy between defendants and makes no claim to the Policy Benefits, other than payment of its reasonable attorneys' fees and costs incurred in connection with this interpleader action. *See Interstate Life Assurance Co. v. Sedlak*, No. 83 C 5246, 1985 WL 1595, *3 (N.D.Ill. May 29, 1985) (Grady, J.) (holding that federal courts generally award fees as a matter of course to disinterested stakeholders such as MetLife. "The notion is that a stakeholder who promptly initiates the early litigation of multiple claims has benefited the interpleaded fund, and should not be burdened with the costs of such litigation"). *See also Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976) (same); *Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir. 1962) (same); *Massachusetts Mutual Life Ins. Co. v. Central Penn Nat'l Bank*, 372 F.Supp. 1027, 1044 (E.D.Pa.1974), aff'd without published opinion, 510 F.2d 970 (3rd Cir. 1975) (same).

15. Rival, adverse and competing claims exist and MetLife has been unable to discharge its admitted liability without exposing itself to multiple liability, multiple lawsuits or both.

16. MetLife cannot safely determine the proper beneficiary or beneficiaries of the Policy benefits at issue and, as a mere stakeholder, has no interest in the total benefits payable, except to recover its attorney's fees and costs of this action. MetLife therefore respectfully requests that this Court determine to whom said benefits should be paid.

17. MetLife has not brought this action at the request of any or all of the claimants; no fraud or collusion exists between MetLife and any or all of the claimants; and MetLife brings this interpleader action of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

WHEREFORE, MetLife respectfully moves this Court to enter the attached proposed Final Decree of Interpleader, which would provide the following relief:

(i) An Order appointing a Guardian ad Litem to appear and represent minor J.G.'s interests in this cause;

(ii) An Order enjoining the defendants from instituting or prosecuting any proceeding in any state or United States court affecting the benefits involved in this interpleader action pursuant to 28 U.S.C. § 2361.

(iii) An Order permitting MetLife to deposit the benefits with the Registry of this Court upon entry of a Final Decree of Interpleader;

(iv) An Order discharging MetLife with prejudice from any further liability upon payment of the aforementioned total benefits to the Registry of this Court, or as this Court otherwise directs; and

(v) An Order awarding MetLife its costs and reasonable attorney's fees.

Respectfully submitted,

METROPOLITAN LIFE INSURANCE COMPANY


By: /s/ Keith E. Allen
    One of Its Attorneys

Steven P. Mandell
Keith E. Allen
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 251-1000

171955v1