**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  07-cv-06995 |
| TARISH WHITE MORRIS; MELVIN WHITE; JILLIAN M. GOODMAN; J.G., a minor; and FIRST NATIONAL, LTD., | ) ) ) ) | |
| Defendants. | ) | |

**FINAL DECREE OF INTERPLEADER**

This matter coming to be heard on Metropolitan Life Insurance Company's ("MetLife")

motion for the entry of a final decree of interpleader, due notice having been given, and the Court

being fully advised and having considered the pleadings and exhibits on file herein,

This Court finds as follows:

1.    This Court has subject matter jurisdiction over this interpleader action

pursuant to 28 U.S.C. § 1335 in that more than $500 is at issue and two claimants of diverse

citizenship are claiming to be entitled to such funds.

3.    Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. § 1397, the

district where Tarish White Morris, Jillian M. Goodman, and J.G., a minor, reside.

4.    The Court has personal jurisdiction over all defendants in this matter.

5.    On or about April 5, 2006, Peggy Goodman ("Decedent") died.  At the time of her

death, Decedent was covered under life insurance policy number 906 330 155 UL (the "Policy"),

which was issued by MetLife.  Under the terms of the Policy, MetLife became obligated to pay

benefits to the party who is rightfully entitled to same upon Decedent's death.

7.    Rival claims for the Policy's benefits exist and, as a result, MetLife cannot make payment of the Plan's benefits without exposing itself to multiple liability, multiple lawsuits or both, unless this Court grants MetLife the relief sought in its complaint for interpleader.

8.    Pursuant to Fed. R. Civ. P. 54(b), this Court expressly determines that there is no just reason for delay in entering a final judgment as to less than all claims or parties, or for the dismissal of MetLife from this case.

9.    MetLife is entitled to the interpleader relief sought in its Complaint.

**[The remainder of this page is intentionally blank.]**

IT IS HEREBY ORDERED THAT:

(i)       _____ is hereby appointed as Guardian ad Litem to represent minor J.G.'s interests in this cause;

(ii)     MetLife shall pay the total Policy benefits of $25,000, plus applicable interest and less $7,702.20 MetLife paid for funeral expenses, into the Registry of this Court;

(iii)    Tarish White Morris, Melvin White, Jillian Goodman, J.G., a minor, and First National, Ltd. are restrained and enjoined from instituting or prosecuting any proceeding in any state or United States court against MetLife or their attorneys relating to the Policy benefits involved in this interpleader action, or any attorney's lien relating to those benefits, and said injunction shall be without bond or surety;

(iv)    MetLife is discharged with prejudice from any and all further liability arising out of, on account of, or relating to the Policy benefits of Peggy Goodman, or any liens asserted by any of the parties or their attorneys;

(v)     MetLife is dismissed with prejudice from this cause and defendants Tarish White Morris, Melvin White, Jillian Goodman, J.G., a minor, and First National, Ltd. shall litigate their claims and contentions regarding the subject Policy benefits without further involving MetLife; and

(vi)    MetLife shall be awarded a reasonable amount of its attorneys' fees in this matter, which shall be deducted from the insurance proceeds MetLife will pay into the Registry of this Court. MetLife has 28 days from the date of this Order to file a petition for its fees in this matter.

THERE IS NO REASON TO DELAY ENFORCEMENT OR APPEAL OF THIS ORDER

SO ORDERED.

Entered on: _____

_____
Judge, United States District Court

Steven P. Mandell
Keith E. Allen
Mandell Menkes LLC
333 West Wacker Drive, Suite 300
Chicago, Illinois 60606
(312) 251-1000

171960v1

3